**Robert Gordon BRITT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25091.**

United States Court of Appeals
Fifth Circuit.

March 6, 1968.

Robert Gordon Britt, pro se.

Kendell W. Wherry, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before BROWN, Chief Judge, and JONES and CLAYTON, Circuit Judges.

JONES, Circuit Judge:

Robert Gordon Britt appeals from his conviction in the United States District Court for the Middle District of Florida for counterfeiting.

The appellant was convicted upon trial by jury for unlawfully printing six impressions of a $50.00 Federal Reserve Note, in violation of 18 U.S.C.A. § 474. He was acquitted on a count which alleged unlawful possession of twenty-four aluminum plates bearing impressions in the likeness and similitude of a $50.00 Federal Reserve Note, which also is proscribed by 18 U.S.C.A. § 474.

The substantial question presented upon this appeal is whether the defense plea of double jeopardy should have been sustained. This contention is based on the fact that the appellant had been indicted previously in the United States District Court for the Middle District of North Carolina for possessing there, on or about July 15, 1964, the same six partial[1] counterfeit banknotes involved in the instant case, in violation of 18 U.S.C.A. § 472; and also for possessing certain counterfeit plates in violation of 18 U.S.C.A. § 474.[2]

In the North Carolina case, after the jury was empaneled, the Government an-

1. Only the face side was printed; the other side was blank.

2. These were similar to but not the same as the plates which were the subject of Count One of the Florida indictment.

nounced that there was insufficient evidence to support the prosecution, whereupon the court, on October 22, 1964, ordered the indictment dismissed and the defendant discharged. Jeopardy undoubtedly has attached as to the offenses charged in the North Carolina indictment. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

The precise question presented, then, is whether the offenses charged in the counts of the two indictments involving the six counterfeit impressions are the same within the prohibition of the Double Jeopardy Clause [3] of the Fifth Amendment.

In Arnold v. United States, 9 Cir. 1964, 336 F.2d 347, 349, cert. denied 380 U.S. 982, 85 S.Ct. 1348, 14 L.Ed.2d 275, the court held as follows:

> "The test most often cited in resolving the question of identity of offenses is: is proof of the matter set out in a second indictment admissible as evidence under the first indictment, and could a conviction have been properly sustained on such evidence? If the answer is yes, then the plea is sufficient; otherwise it is not. [Citing numerous cases] * * * *"

■ Applying the test to the relevant counts of the appellant's two indictments, we have no doubt that the offenses are different, so that the Florida prosecution was not barred by the one in North Carolina. Proof of the allegation of the pertinent North Carolina count, that in 1964 the appellant there possessed the six counterfeit impressions, would not at all sustain a conviction for having printed the said impressions in 1963 at Orlando, Florida.

The appellant could not have been indicted for printing the bills except in Florida, where that offense occurred. Since he could not have been indicted in North Carolina for the printing offense,

it can not be said that he was so harassed by the subsequent Florida prosecution that the latter judgment should be set aside on double jeopardy grounds. The basis for the possession charge in North Carolina was that the appellant was found in possession of the impressions there. See Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); Abbate v. United States, · 359 U.S. 187, 196–201, 79 S.Ct. 666, 3 L.Ed. 2d 729 (1959) (concurring opinion of Mr. Justice Brennan); Comment, Double Jeopardy, 75 Yale L.J. 262 (1965).

It is contended that the district court erred in admitting in evidence the appellant's written and oral inculpatory statements. The appellant testified that he was not informed of his rights prior thereto. However, the testimony of the Government witness, an agent of the United States Secret Service, was that the appellant was fully advised of his rights in conformity with the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the statements were freely and voluntarily made. We find no error in the district court's ruling that the statements were admissible in evidence.

The appellant urges that there was insufficient proof of the corpus delicti independent of his inculpatory statements. The answer to this is that the counterfeit impressions and the counterfeit plates, some of which are ink-smudged, abundantly indicate that the offense of counterfeiting was probably committed by someone. Nothing more is required. Landsdown v. United States, 5 Cir. 1965, 348 F.2d 405.

■ Finally, it is argued that the evidence is insufficient to prove that the appellant had the requisite criminal intent to commit the offense of counterfeiting. He testified that he was merely conducting a scientific experiment.

---

3. " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * *" U.S.C.A.Const. Amend. 5.

There is ample evidence in the record, however, from which the jury was entitled to conclude, as they did, that the appellant had the requisite criminal intent to commit the offense.

The judgment is affirmed.